ISABEL DOBBIN NAAME, complainant,

*v.*

SOMERS L. DOUGHTY et al., defendants.

[Decided December 1st, 1930.]

*Messrs. Cole & Cole* and *Mr. Paul M. Salsburg,* for the complainant.

*Mr. John C. Reed* and *Mr. Emerson Richards,* for the defendants.

INGERSOLL, V. C.

The bill alleges that on December 31st, 1926, Somers L. Doughty granted and conveyed to the complainant certain premises at the corner of Drexel and Maryland avenues, in the city of Atlantic City, New Jersey. Said deed was acknowledged on said date and recorded in the clerk's office of Atlantic county at Mays Landing, New Jersey, on January

29th, 1929. On January 5th, 1929, Doughty granted and conveyed said premises to David H. Best, which deed was recorded January 7th, 1929, in the clerk's office aforesaid. The consideration for said last mentioned deed was $40,000, for a portion of which a mortgage was made to Doughty in the sum of $35,000, and recorded on the same date; that the deed from Doughty to Best was not a *bona fide* transaction, that it creates a cloud upon the title and that it conveyed no interest, and the mortgage from Best to Doughty is not a lien upon the premises.

The answer of Doughty is a denial that said alleged conveyance was ever delivered to the complainant and that the same was removed from his home and from the place where he had kept the same for safe keeping, and from his custody, and placed on record without his consent or knowledge, and contrary to his intent.

The complainant is a stepdaughter of the defendant and resided in his home as a member of his family for many years after the death of her mother, Doughty's wife. Their relations were as father and daughter. He gave her other properties. He advanced large sums of money to make improvements upon the other properties. Admittedly, there was, at one time, an intention that this property should also be a gift to her, for the purpose of erecting an apartment house thereon, but later and more mature consideration evinced that the location was not a suitable one for the erection of an apartment house and arrangements were made to build one in a more populous section of Atlantic City. The contemplated gift of this property was reconsidered and instead of destroying the deed, which had already been prepared and executed (but not delivered) it was placed in a desk or other receptacle in his house, where it remained until unhappy differences arose between the complainant and the defendant. She took possession of this instrument and caused it to be recorded.

Without further stating the evidence, I find as a fact that this deed was never delivered to her and that it is improperly of record. A decree will be advised in accordance with these views.